UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RONALD URIUS CLARK | ) | |
| | ) | |
| v. | ) | No. 3:11-01062 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Docket No. 1), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government has filed a Response (Docket No. 21).

For the reasons set forth below, the Court concludes that Petitioner's Motion To Vacate (Docket No. 1) is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged in an Indictment with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924. (Indictment (Docket No. 1 in Case No. 3:08-00075)). Petitioner pled guilty to the charge in the Indictment without a plea agreement. (Docket Nos. 22, 23 in Case No. 3:08-00075).

The Court subsequently sentenced the Petitioner to a total term of 77 months of imprisonment. (Docket Nos. 37, 39, 40 in Case No. 3:08-00075). The Petitioner appealed the application of a four-level enhancement in his advisory sentencing guideline range for possessing the firearm "in connection with another felony offense" under U.S.S.G. § 2K2.1(b)(6), and the Sixth Circuit affirmed. (Docket No. 46 in Case No. 3:08-00075).

III. Analysis

A.  The Petitioner's Claims

Petitioner contends that his conviction should be vacated on the following grounds: (1) the Court lacked jurisdiction over his case because he was not a convicted felon as that term is defined in 18 U.S.C. § 921(a)(20); (2) the Court sentenced the Petitioner on the basis of false information in the Presentence Report in violation of the Due Process Clause of the Fifth and Fourteenth Amendments; (3) the Court deprived the Petitioner of a full and fair sentencing hearing as required by Fed.R.Crim.P. 32 and the Due Process Clause of the Fifth Amendment; and (4) Petitioner received the ineffective assistance of trial counsel.

B.  The Section 2255 Remedy/Evidentiary Hearing Not Required.

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255; Rule 8 of the Rules Governing Section 2255 Proceedings For The United States District Courts; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court has reviewed all the files, records, transcripts and correspondence filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Convicted felon status

Petitioner argues that the Court lacked jurisdiction over his case because he was not a convicted felon under 18 U.S.C. § 921(a)(20). That section provides as follows:

> (20) The term "crime punishable by imprisonment for a term exceeding one year" does not include--

3

> (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or
>
> (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
>
> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

More specifically, the Petitioner contends that the prior convictions underlying his conviction for being a convicted felon in possession of a firearm do not satisfy the statute because they show that Petitioner was "never adjudged guilty." (Docket No. 1-1, at 2).

By pleading guilty to being a convicted felon in possession of a firearm, the Petitioner admitted that he had previously been convicted of a felony. (Docket Nos. 3, 23 in Case No. 3:08-00075). In addition, the Petitioner specifically testified at the sentencing hearing that he had pled guilty to motor vehicle theft in 2006 and aggravated assault in 2007. (Docket No. 44, at 38, 44, 48-49 in Case No. 3:08-00075). He also admitted that in July, 2006, almost two years prior to the charge in the Indictment, he was a convicted felon. (Id., at 46). The Government has filed the Tennessee state court judgments for the 2006 and 2007 offenses as exhibits in this case. (Docket Nos. 221-1, 21-2). The judgments indicate that the Petitioner pled guilty to these felonies, and that sentence was imposed. Petitioner has not suggested any basis for his claim that he was not "adjudged guilty" of these prior convictions. Accordingly, this claim is without merit.

4

D.  <u>Sentence based on false information</u>

Next, Petitioner argues that the Court sentenced him on the basis of false information contained in the Presentence Report in violation of the Due Process Clause of the Fifth and Fourteenth Amendments.  More specifically, the Petitioner contends that the Court erroneously relied on the prior convictions listed in the Presentence Report because there was no "adjudication of guilt" in connection with those convictions. (Docket No. 1-1, at 4).

The Presentence Investigation Report lists the prior convictions discussed above, along with several others, and provides specific information regarding each of the convictions based on records of the court imposing sentence. (Docket No. 43, at 8-15).  The Petitioner did not raise this issue during his testimony at sentencing, and fails to suggest any basis for his claim that there was no "adjudication of guilt" for these convictions.  Accordingly, this claim is without merit.

E.  <u>Failure to provide full and fair sentencing hearing</u>

Petitioner argues that he was deprived of a full and fair sentencing hearing as required by Fed.R.Crim.P. 32 and the Due Process Clause of the Fifth Amendment because the Court relied on the Presentence Investigation Report's listing of "the un-adjudicated priors." (Docket No. 1-1, at 5).  As with his prior claims, the Petitioner fails to suggest any basis for this claim, and therefore, the Court concludes it is without merit.

F.  <u>Ineffective assistance of counsel</u>

Petitioner argues that he received the ineffective assistance of trial counsel because counsel failed to contest the validity of his prior state convictions.  In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show:  (1) trial

counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., at 2065.

In order to show actual prejudice in the guilty plea context, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 47 U.S. 52, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985); Lafler v. Cooper, 2012 WL 932019 (March 21, 2012); Missouri v. Frye, 2012 WL 932020 (March 21, 2012). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 104 S.Ct. at 2052.

Petitioner essentially argues that counsel was ineffective for failing to raise the same challenges to the prior convictions that he raises here. As discussed above, his challenges are without merit. Therefore, the Court concludes that counsel was not ineffective for failing to raise those challenges. See, e.g., Ludwig v. United States, 162 F.3d at 458 (Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).

IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. <u>Castro v. United States</u>, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

                                                TODD J. CAMPBELL
                                                UNITED STATES DISTRICT JUDGE